Henry Warren Dickinson v. Commissioner.
Dickinson v. Commissioner
Docket No. 46462.
United States Tax Court
T.C. Memo 1955-24; 1955 Tax Ct. Memo LEXIS 309; 14 T.C.M. (CCH) 82; T.C.M. (RIA) 55024; January 31, 1955
*309 From September 1943 to September 1952, petitioner's only employment was outside of the United States. He returned approximately at two-year intervals only for vacations. From August 1947 to March 1949, he was employed in Saudi Arabia. Held, petitioner was a bona fide resident of Saudi Arabia during the year 1948 within the meaning of section 116(a) of the Internal Revenue Code of 1939. Benjamin H. Flesher, Esq., 700 East Compton Boulevard, Compton, Calif., for the petitioner. John J. Burke, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax for the year 1948 in the amount of $815.31 and a penalty under section 291(a) of the 1939 Code in the amount of $203.83 *310 determined against Henry Warren Dickinson (hereinafter referred to as petitioner). The deficiency and penalty determined by the respondent in the deficiency notice were $745.32 and $186.33, respectively. By amended answer, respondent alleged an increase of $69.99 and $17.50 in the deficiency and penalty, respectively, because he had erroneously computed petitioner's tax liability on the basis that he was a married man. The issues to be decided are: (1) whether petitioner was a bona fide resident of Saudi Arabia within the meaning of section 116(a) of the 1939 Code [1] during the year 1948, and, if not, (2) whether petitioner's failure to file a timely return for such year was due to reasonable cause, and (3) whether petitioner was entitled to a dependency credit for a niece for that year. *311 Findings of Fact Petitioner filed a Federal income tax return for 1948 with the collector of internal revenue at Los Angeles on December 21, 1949. Petitioner was a carpenter. From September 1943 to September 1952, his sole employment was outside of the continental limits of the United States as follows: September 1943 to May 1945 worked for International Bechtel, Inc., in Bahrein Islands, British Protectorate. June 1945 on vacation in United States. August 1945 to May 1946 worked for Bechtel and Raymond, Inc., in Curacao, Netherlands West Indies. July 1946 to July 1947 worked in Guam. August 1947 until March 1949 worked for International Bechtel, Inc., in Saudi Arabia. April 1949 to November 1949 on vacation in United States. November 1949 to July 1950 worked in Okinawa for an American Corporation. August and September 1950 on vacation in United States. October 1950 to September 1952 worked in Bahrein Island for the Flour Company. Petitioner was unmarried and never maintained a permanent place of abode in the United States during the above-described 9-year period. In August 1947, petitioner contracted to work for International Bechtel, Inc. (hereinafter *312 referred to as Bechtel), Arabian Division, on a construction project in Saudi Arabia. Petitioner's contract was for a period of 18 months. During the course of his work in Arabia, he was frequently on loan to the oil company, Aramco. He discussed with the superintendent of the oil company his working for it upon the termination of his employment with Bechtel. The superintendent advised petitioner that the period of time for which he had worked for Bechtel would be credited toward a 15-year period for purposes of receiving employee benefits at the end of that time from the oil company. The superintendent further advised petitioner that when he returned to the United States on vacation after completing his contract with Bechtel, if petitioner would write to him he would advise him of the persons in Los Angeles whom petitioner should see to arrange for a contract with the oil company. Petitioner returned to the United States on vacation at the completion of his contract with Bechtel in March 1949. He desired to and intended to return to Saudi Arabia to take a career job with the oil company. He wrote to the superintendent of the oil company in Arabia but, after receiving no answer, *313 he accepted a job on a construction project in Okinawa in November 1949 where he remained until July 1950, when he returned to the United States. In October 1950, he was hired by a construction company and returned to Arabia. During the time when petitioner was in the United States in 1949, he built a house for investment purposes, which he thereafter rented. Petitioner was a bona fide resident of Saudi Arabia during 1948. His only income during such year was from his employment by Bechtel for work which he performed in that country. Opinion RICE, Judge: We have reached our conclusion that petitioner was a bona fide resident of Saudi Arabia during 1948 within the meaning of section 116(a) of the Code on the authority of Leonard Larsen, 23 T.C. 599, filed January 7, 1955. The petitioner here demonstrated a determined purpose to make a career of foreign employment as evidenced by the fact that his sole employment for a period of 9 years, including the one in question, was outside the United States. He did not even maintain a place of abode in the United States and as we said in Audio Gray Harvey, 10 T.C. 183, 189 (1948): "* * * He was unmarried and was *314 accustomed to working in foreign lands, and, in effect, to use a colloquial expression, 'his home was where he hung his hat.' Plainly, his position is broadly different from one who had a home, a wife, and children residing in the United States. * * *" Having found that petitioner was a bona fide resident of Saudi Arabia in 1948, it follows that his income for services performed in that country in that year was not taxable income. In view of such holding, we do not reach the second and third issues raised herein. Decision will be entered for the petitioner. Footnotes
1. SEC. 116. EXCLUSIONS FROM GROSS INCOME. (a) Earned Income From Sources Without the United States. - (1) Foreign Resident for Entire Taxable Year. - In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income as defined in paragraph (3); but such individuals shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.↩